1
2
3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC J. GALKA, | Case No. 2:16-cv-01662-RBL-TLF |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | Noted for December 1, 2017 |
| Defendant. | |

Plaintiff has brought this matter for judicial review of the Commissioner's denial of his applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court reverse the Commissioner's decision to deny benefits and remand this matter for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On March 28, 2013, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that he became disabled beginning October 1, 1998. Dkt. 9, Administrative Record (AR) 8. Both applications were denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which plaintiff appeared and testified as did a vocational expert. AR 27-50.

In a written decision dated May 27, 2015, the ALJ found that plaintiff could perform

REPORT AND RECOMMENDATION - 1

other jobs existing in significant numbers in the national economy and therefore that he was not disabled. AR 8-20. Plaintiff's request for review was denied by the Appeals Council on August 19, 2016, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on October 26, 2016. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred (1) in evaluating the medical opinion evidence from Victoria McDuffee, Ph.D., Jan Kouzos, Ed.D., Matthew Comrie, Psy.D., and Diane Fligstein, Ph.D., and (2) in assessing plaintiff's residual functional capacity ("RFC"). For the reasons set forth below, the Court finds no reversible error in the ALJ's evaluation of the opinion evidence from Dr. Kouzos,[1] but agrees the ALJ erred in evaluating the opinions of Drs. McDuffee, Comrie, and Fligstein, in assessing plaintiff's RFC, and therefore in finding plaintiff to be not disabled. Also for the reasons set forth below, the Court finds that the decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

---

[1] *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I. The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An

examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

### A. Dr. McDuffee, Examining Clinical Psychologist

Dr. McDuffee conducted a psychological evaluation in July 2012, finding plaintiff to be markedly limited in seven functional categories and severely limited in three others. AR 553. Dr. McDuffee evaluated plaintiff again in January 2013, finding him to be markedly limited in five functional categories and severely limited in another four categories. AR 547. The ALJ gave these opinions "[l]ittle weight," because "Dr. McDuffee failed to explain [them] with references to objective medical findings," and "[i]nstead, the impression is that she simply recapitulated the information provided by" plaintiff. AR 18.

Plaintiff argues the ALJ failed to provide an adequate explanation for the lack of weight she gave Dr. McDuffee's opinions. The Court agrees. Dr. McDuffee provided objective findings that clearly could support both functional assessments. In July 2012, she found Mr. Galka had poor hygiene, he exhibited restless behavior, fleeting eye contact, loudly hyper-verbal and rapid speech, appeared extremely vulnerable, laughed and joked at inappropriate times, acted and spoke of being suspicious, had impaired attention and concentration, and showed poor insight and judgment. AR 554-555. In January 2013, Dr. McDuffee noted marginal hygiene and grooming, intermittent eye contact, hyper-verbal and rapid speech, tangential, perseverating thought processes and content, psychotic features (including paranoia and possible delusions), and a severe impairment in reasoning and judgment. AR 548-49. As plaintiff points out, on January 25, 2013, Dr. McDuffee made the following statement: "Mr. Galka was quite

decompensated with homicidal and suicidal ideation with plan and intent – the police were contacted. He was taken to Northwest Hospital where he was evaluated by MHP. Outcome unknown." AR 547.

The ALJ's failure to recognize these findings as providing support for Dr. McDuffee's opinions is reversible error. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (psychiatric opinion based on clinical observations is competent evidence); *Clester v. Apfel*, 70 F.Supp.2d 985, 990 (S.D. Iowa 1999) ("The results of a mental status examination provide the basis for a diagnostic impression of a psychiatric disorder, just as the results of a physical examination provide the basis for the diagnosis of a physical illness or injury."). Nor, given Dr. McDuffee's findings, can it reasonably be inferred that she "simply recapitulated the information" plaintiff provided. AR 18; *see also* 544-549, 551-557; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.").

B.  Dr. Comrie and Dr. Fligstein

Dr. Comrie and Dr. Fligstein, two non-examining, consulting psychologists, opined that plaintiff was moderately limited in his abilities: to accept instructions, respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 100, 129. The ALJ gave "[p]artial weight" to this aspect of Dr. Comrie's and Dr. Fligstein's opinions. AR 18. The ALJ found that Dr. Comrie's opinion for the most part was consistent with the medical evidence. AR 18. The ALJ did not give weight to the Dr. Comrie's opinions or Dr. Fligstein's opinions concerning Mr. Galka's problems interacting with supervisors and coworkers or with the general public, stating that this limitation on Mr. Galka's ability to work was "not supported in the evidentiary record." AR 18.

1   The Court agrees with plaintiff that this is an inadequate basis on which to discount the

2   opinion of an acceptable medical source. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir.

3   2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing

4   nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis

5   for his conclusion."). The ALJ committed reversible error.

## II. The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. SSR 96-8p, 1996 WL 374184, at *2. An inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the mental RFC to perform simple, routine tasks, follow short, simple instructions, perform work that needs little or no judgment, perform simple duties that can be learned on the job in a short-period of less than 30 days, respond appropriately to supervision, co-workers, deal with occasional changes in the work environment, and perform a

job that requires only occasional exposure to or interaction with the general public. AR 14-15. Yet the ALJ failed to properly evaluate the medical opinion evidence concerning Mr. Galka's marked inability to effectively communicate in a work setting, or to complete a normal work day or work week, because of his extremely erratic behavior and psychological symptoms caused by his psychological conditions. AR 552-554 (7-12-2012 examination by Dr. Victoria McDuffee); AR 547-549 (1-23-2013 examination by Dr. Victoria McDuffee). The ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations. The ALJ committed reversible error here as well.

III. The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to perform. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. [§ 404.1520(d), (e), § 416.920(d), (e)]. The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the testimony of the Vocational Expert (VE) offered at the hearing in response to a hypothetical question concerning an individual with the same age, education,

work experience and RFC as plaintiff. AR 19-20. The VE testified that a person under the hypothetical presented by the ALJ would be able to perform industrial cleaner, hand packager, and warehouse laborer. AR 46. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the VE – and consequently the expert's testimony, and the ALJ's reliance thereon – is not supported by substantial evidence. The ALJ committed harmful error in this situation as well.

IV.     Remand for Further Administrative Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.2d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon v. Berryhill*, No. 15-15277, slip. op. at 7 (9th Cir. Nov. 7, 2017). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels v. Berryhill*, No. 15-16477, slip op. at 37 (9th Cir. Oct. 26, 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only "where '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Trevizo*, 871 F.2d at 682-83 (quoting *Garrison v, Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit has recently applied the "credit-as-true" rule by first asking: Were the ALJ's reasons for rejecting the evidence legally insufficient? *Leon*, slip op. at 6-7.  Then, having

answered that question in the affirmative, the Court considered the second step in the analysis: Are there remaining issues that must resolved before a disability determination can be made, and would further administrative proceedings be useful? *Id.* The Court confirmed that the third step would result in an award of benefits only if the questions at parts one and two of the analysis are answered yes – and crediting the improperly discredited evidence as true, further proceedings would appear to be unnecessary.

The Court in *Leon* held, even where the district court finds in the first part of the analysis that the ALJ has failed to offer sufficient reasons for rejecting evidence, and also finds in the second part of the analysis that there is "a fully developed record without any conflicts, gaps, or ambiguities," and finally reaches the third part of the analysis and credits the rejected evidence as true – it is still within the court's discretion whether to remand for further proceedings, or to remand for award of benefits. *Leon,* slip op. at 10-11. If, considering the record as a whole, there are reasons for the district court to have serious doubt as to whether the claimant is disabled – the district court retains discretion to remand to the agency for additional proceedings. *Id.* at 12; *Revels,* slip op. at 39.

Here, although the ALJ's reasons were legally insufficient for rejecting the medical opinion evidence from Dr. McDuffee, Dr. Comrie, and Dr. Fligstein, the district court should not remand with a direction to award benefits. Issues still remain as to plaintiff's RFC and his ability to perform other jobs exiting in significant numbers in the national economy. The existing record is unclear as to whether plaintiff is disabled.

Plaintiff argues the improperly rejected evidence refutes the ALJ's determination that he can maintain the schedule necessary for full-time work. But again, taking the record as a whole, it is not certain that even if the ALJ had correctly evaluated the evidence and relied on legally

sufficient reasons she would nevertheless be required to adopt the full extent of the functional limitations assessed.

Plaintiff also points to the vocational expert's testimony that employers would not tolerate more than two late arrivals or departures from work per month, and that breaks beyond the two customary 15-minute breaks and a lunch break would amount to an accommodation that would not be allowed in the unskilled labor market. Dkt. 14 (citing AR 47-48). But plaintiff has not shown the record substantiates those alleged limitations.

The ALJ erred in evaluating the opinions of Drs. McDuffee, Comrie, and Fligstein, and in assessing plaintiff's RFC, and therefore in finding plaintiff to be not disabled. The Court should remand for the ALJ to re-consider the evidence from these three medical sources, and for a re-assessment of plaintiff's RFC at steps four and five.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly determined plaintiff to be not disabled, reverse the decision to deny benefits and remand this matter for further administrative proceedings.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **December 1, 2017**, as noted in the caption.

Dated this 15th day of November, 2017.

Theresa L. Fricke
United States Magistrate Judge